IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| XEROX CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>RIMM HOLDINGS, INC., et al.,<br><br>    Defendants. | Civil Action No.: GLR-20-3435 |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendants Rimm Holdings, Inc. ("Rimm"), Gold Coast LLC ("Gold Coast"), and Joseph Adjei's Motion to Dismiss for Failure to State a Claim Pursuant to Fed.R.Civ.P. 12(b)(6) (ECF No. 6). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons set forth below, the Court will deny the Motion.

### I.    BACKGROUND[1]

**A.    Factual Background**

Xerox Corporation ("Xerox") entered into two eighty-four-month lease agreements with Gold Coast on January 27, 2016, and September 22, 2016. (Id. ¶¶ 19–20, ECF No. 1; Jan. 27, 2016 Lease Agreement ["1st Lease Agmt."] at 1,[2] ECF No. 1-4; Sept. 22, 2016 Lease Agreement ["2nd Lease Agmt."] at 1, ECF No. 1-5). Gold Coast failed to pay an

---

[1] Unless otherwise noted, the Court takes the following facts from Xerox's Complaint and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

[2] Citations to page numbers in the exhibits to the Complaint refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

invoice due on November 2, 2017 on the September 2016 lease, and failed to make any payments on the lease thereafter. (Compl. ¶ 22). Gold Coast also failed to pay an invoice due on December 1, 2017 on the January 2016 lease, and failed to make any subsequent payments on that lease. (Id. ¶ 21). Under the terms of both leases, Gold Coast's missed payments resulted in default, which had the effect of accelerating all amounts owed under the leases. (Id. ¶ 23; see also 1st Lease Agmt. at 4; 2nd Lease Agmt. at 5). As a result, Gold Coast owes Xerox the principal amount of $178,158.75. (Compl. ¶ 24; First Gold Coast Account Statement at 1, ECF No. 1-6; Second Gold Coast Account Statement at 1, ECF No. 1-7). In addition, Gold Coast had accrued $84,401.52 in unpaid interest as of the filing of the Complaint. (Compl. ¶¶ 25, 28).

Xerox entered into a maintenance agreement with Rimm on June 29, 2017, for which Defendant Adjei agreed to act as a guarantor. (Id. ¶ 12; see also Maintenance Agreement & Guaranty ["Maint. Agmt."] at 1, 4, ECF No. 1-2). Rimm failed to pay an invoice due on June 2, 2019 on the maintenance agreement, and subsequently failed to make any payments owed pursuant to the agreement. (Compl. ¶ 13). Under the terms of the maintenance agreement, Rimm's missed payments resulted in default, which had the effect of accelerating all amounts owed under the agreement. (Id. ¶ 14; see also Maint. Agmt. at 2). As a result, Rimm and Adjei owes Xerox the principal amount of $77,020.43. (Compl. ¶ 15; Rimm Account Statement ["Rimm Stmt."] at 1–3, ECF No. 1-3). In addition, Rimm and Adjei had accrued $15,287.47 in unpaid interest as of the filing of the Complaint. (Compl. ¶¶ 16–17).

Xerox alleges that Adjei "is the sole stockholder in [Rimm] and the sole member in [Gold Coast]." (Compl. ¶ 30, ECF No. 1). Xerox further alleges that Rimm and Gold Coast are alter ego companies inasmuch as they "use the same equipment, operate out of the same office space, do the same work, share the same customers, and for all intents and purposes, are the same company." (Id. ¶ 31). According to Xerox, Adjei created the two companies "to create the appearance of separateness and to avoid liabilities," specifying that Adjei incorporated Rimm "to avoid paying the debts incurred under [Gold Coast]." (Id. ¶ 32). Thus, "the debts of [Gold Coast] and [Rimm] are the shared debts of each company" and "Adjei is responsible for the shell game used to incur joint debts under both company names." (Id. ¶¶ 8, 34). Xerox posits that "[i]n the interest of enforcing paramount equity, [Adjei] is liable for the debts of both [Rimm] and [Gold Coast] as alter ego companies." (Id. ¶ 34).

**B.     Procedural Background**

Xerox filed the Complaint in this action on November 24, 2020. (ECF No. 1). The three-count Complaint alleges: breach of contract as to Rimm and Adjei (Count One); breach of lease as to Rimm, Gold Coast, and Adjei (Count Two); and breach of lease as to Adjei (Count Three). (Id. ¶¶ 11–35). Xerox seeks monetary relief and attorneys' fees and costs. (Id. at 4–7).

Defendants filed a Motion to Dismiss for Failure to State a Claim Pursuant to Fed.R.Civ.P. 12(b)(6) on December 17, 2020. (ECF No. 6). Xerox filed an Opposition on December 31, 2020. (ECF No. 7). Defendants did not file a Reply.

## II. DISCUSSION

### A. Standard of Review

#### 1. Rule 12(b)(6)

The purpose of a Rule 12(b)(6) motion is to "test[ ] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268

(1994); Lambeth v. Bd. of Comm'rs of Davidson Cnty., 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). But the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

### 2. Choice of Law

Because the Court has diversity jurisdiction over this case, the Court must apply Maryland's choice-of-law rules. See Harvard v. Perdue Farms, Inc., 403 F.Supp.2d 462, 466 (D.Md. 2005) (citing Limbach Co., LLC v. Zurich Am. Ins. Co., 396 F.3d 358, 361 (4th Cir. 2005)). Maryland courts generally enforce choice of law provisions in contracts. Cunningham v. Feinberg, 107 A.3d 1194, 1204 (Md. 2015) (citing Am. Motorists Ins. Co. v. ARTRA Grp., Inc., 659 A.2d 1295, 1301 (Md. 1995)).

Here, all three agreements that form the basis for this action contain a choice-of-law provision stating that the agreements "will be governed by the laws of the State of New York." (See Maint. Agmt. at 3; 1st Lease Agmt. at 5; 2nd Lease Agmt. at 6). Accordingly, the Court will apply New York law to claims arising from the agreements.

### B. Analysis

#### 1. Counts One and Two

Defendants argue that Xerox failed to state a claim under Counts One and Two because the Complaint fails to allege: (a) "that all conditions precedent to the [lease]

5

agreement[3] [have] been fulfilled or were satisfied before the filing the case"; (b) "that all avenues to facilitate the resolution of alleged breach of the lease agreement [were] exhausted"; and (c) "whether [Xerox] exhausted all avenues to mitigate [its] loss[.]" (Mot. Dismiss at 3, ECF No. 6).

As Xerox correctly notes in its Opposition, however, these are potential defenses to Xerox's allegations, not deficiencies in the Complaint. "In order to state a claim for breach of contract under New York law, Plaintiff must plead facts adequate to support the following elements: (1) existence of a contract; (2) performance of the contract by Plaintiff; (3) breach by Defendants; and (4) damages." Steinfelder v. Catlin Specialty Ins. Co., No. JKB-12-2970, 2013 WL 2147561, at *3 (D.Md. May 15, 2013) (citing First Inv. Corp. v. Liberty Mut. Ins. Co., 152 F.3d 162, 168 (2d Cir. 1998)). Xerox has plausibly alleged all four elements as to Counts One and Two of the Complaint. (See Compl. ¶¶ 12–28). Accordingly, Counts One and Two survive Defendants' Motion to Dismiss.

2. **Count Three**

Defendants next argue that Count Three, which seeks to hold Adjei liable for Defendants' breach of the lease agreements, must fail because Xerox has failed to meet the standard for piercing the corporate veil. "[A] defendant against whom the veil is pierced is made to stand in the shoes of the corporation and answer for its 'underlying corporate obligation[s].'" United States v. Lax, 414 F.Supp.3d 359, 367 (E.D.N.Y. 2019) (quoting Morris v. N.Y. State Dep't of Tax'n & Fin., 623 N.E.2d 1157, 1160 (N.Y. 1993)). "Under

---

[3] It is unclear which lease agreement Defendants are referencing.

New York law, a court may pierce the corporate veil where (i) 'the owner exercised complete domination over the corporation with respect to the transaction at issue,' and (ii) 'such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil.'" Boroditskiy v. Eur. Specialties LLC, 314 F.Supp.3d 487, 494 (S.D.N.Y. 2018) (quoting Am. Fuel Corp. v. Utah Energy Dev. Co., 122 F.3d 130, 134 (2d Cir. 1997)). Xerox has plausibly alleged both elements by alleging, inter alia, that Adjei "is the sole stockholder in [Rimm] and the sole member in [Gold Coast]," (Compl. ¶ 30), and that Adjei used those companies to incur the debts he later refused to pay, (id. ¶¶ 32, 34). Accordingly, the Court will deny Defendants' Motion to Dismiss as to Count Three.

### III. CONCLUSION

For the foregoing reasons, the Court will deny Defendants' Motion to Dismiss for Failure to State a Claim Pursuant to Fed.R.Civ.P. 12(b)(6) (ECF No. 6). A separate Order follows.

Entered this 30th day of June, 2021.

/s/
George L. Russell, III
United States District Judge