UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

April 6, 2022

MEMORANDUM TO COUNSEL RE:

Xerox Corporation v. Rimm Holdings, Inc.,
et al.
Civil Action No. GLR-20-3435

Dear Counsel:

Pending before the Court is Defendants Rimm Holdings, Inc., Gold Coast LLC, and Joseph Adjei's Motion and Memorandum to Reconsider and Set Aside the Court's Order of Default Entered on September 23, 2021 ("Motion to Reconsider") (ECF No. 23). The Motion asks the Court to reconsider its decision denying Defendants' Motion to Vacate or Set Aside the Court's Order of Default ("Motion to Vacate") (ECF No. 17), as well as Defendants' Motion for Leave to File an Answer to Plaintiff's Complaint ("Motion to File Answer") (ECF No. 19). (See ECF No. 21). The Motion to Reconsider is ripe for disposition and no hearing is necessary. See Local Rule 105.6 (D.Md. 2021). For the reasons set forth below, the Court will deny the Motion.

Plaintiff Xerox Corporation ("Xerox") filed the Complaint in this action on November 24, 2020. (ECF No. 1). The three-count Complaint alleges: breach of contract as to Rimm and Adjei (Count One); breach of lease as to Rimm, Gold Coast, and Adjei (Count Two); and breach of lease as to Adjei (Count Three). (Compl. ¶¶ 11–35, ECF No. 1). Xerox seeks monetary relief and attorneys' fees and costs. (Id. at 4–7).

Defendants filed a Motion to Dismiss for Failure to State a Claim Pursuant to Fed.R.Civ.P. 12(b)(6) on December 17, 2020. (ECF No. 6). Xerox filed an Opposition on December 31, 2020. (ECF No. 7). Defendants did not file a Reply. The Court denied the Motion to Dismiss on June 30, 2021, and ordered Defendants to file an answer. (ECF No. 9). After Defendants failed to timely file an answer, Xerox filed Motions for Clerk's Entry of Default on July 16, 2021. (ECF Nos. 10–12). The Clerk granted Entry of Default and issued Notices of Default to Defendants on July 26, 2021. (ECF Nos. 13–16). On August 24, 2021, Defendants filed their Motion to Vacate (ECF No. 17), and on September 9, 2021, filed a Motion to File Answer (ECF No. 19). Xerox opposed the Motions on September 7 and 20, 2021. (ECF Nos. 18, 20).

On September 23, 2021, the Court denied Defendants' Motions, noting that Defendants had inexplicably premised the arguments in the Motion to Vacate on the Maryland Rules of Civil Procedure, supported their arguments with nothing more than bare and conclusory averments, and made no effort to discuss, much less satisfy, the factors the Court is required to analyze when considering the relief Defendants requested pursuant to Federal Rule of Civil Procedure 55(c). (ECF No. 21).

On September 30, 2021, Defendants filed the instant Motion to Reconsider (ECF No. 23). Xerox filed its Opposition on October 15, 2021. (ECF No. 29). Defendants did not file a reply.

Motions to reconsider are governed by Local Rule 105.10, which requires that any such motion be filed with the Court no later than fourteen days after entry of the subject order. When presented with a motion to reconsider a non-final interlocutory order, such as a clerk's entry of default, this Court looks to the standards articulated in Federal Rule of Civil Procedure 54(b). Edwards v. Proud, No. GLR-16-2161, 2017 WL 4270396, at *2 (D.Md. Sept. 25, 2017), aff'd, 721 F.App'x 256 (4th Cir. 2018). Motions under Rule 54(b) "are not subject to the strict standards application to motions for reconsideration of a final judgment." Id. (quoting Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514 (4th Cir. 2003)). Still, while the standard when considering a motion for reconsideration of an interlocutory order is not precise, the Court looks to Rule 59(e) for guidance. Id.

A federal district judge's power to grant a Rule 59(e) motion is discretionary. Robison v. Wix Filtration Corp., LLC, 599 F.3d 403, 411 (4th Cir. 2010). In general, granting a motion for reconsideration "is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995)). Furthermore, "[a] motion for reconsideration is 'not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request.'" Lynn v. Monarch Recovery Mgmt., Inc., 953 F.Supp.2d 612, 620 (D.Md. 2013) (quoting Sanders v. Prince George's Pub. Sch. Sys., No. RWT-08-501, 2011 WL 4443441, at *1 (D.Md. Sept. 21, 2011)).

"Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." U.S. ex rel. Carter v. Halliburton Co., 866 F.3d 199, 210–11 (4th Cir. 2017) (quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)). With respect to the third factor, there must be more than simply a "mere disagreement" with a decision to support a Rule 59(e) motion. Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993). "A 'factually supported and legally justified' decision does not constitute clear error." Jarvis v. Berryhill, No. TMD-15-2226, 2017 WL 467736, at *1 (D.Md Feb. 3, 2017) (quoting Hutchinson, 994 F.2d at 1081–82). As to the "manifest injustice" standard, courts focus on whether there was fairness in the administrative process or a denial of due process. Id. (citing Kasey v. Sullivan, 3 F.3d 75, 79 (4th Cir. 1993)).

As in their Motion to Vacate, Defendants offer virtually nothing except for conclusory assertions in support of their Motion for Reconsideration. There is no argument that the first or second Carter factors apply. As to the third factor, Defendants not only fail to proffer documentary evidence demonstrating that the Court must reconsider its September 23, 2021 Order to avoid a clear error of law or manifest injustice, they decline to even attach testimonial evidence to that effect. Instead, Defendants provide a series of excuses about a temporary lack of access to the Court's Case Management and Electronic Case Files ("CM/ECF") and being away on vacation. (See Defs.' Mot. & Mem. Recons. & Set Aside Ct.'s Order Default Entered Sept. 23, 2021 ["Mot. Recons."] at 2, ECF No. 23). These excuses are both irrelevant and unpersuasive. Defendants'

Motion does contain certain naked assertions of fact that, if true, may be partly exculpatory—e.g., that charges imposed by Xerox on Defendants were "inexplicable" and that Defendants returned equipment to Xerox, (see id. at 3–4)—but does not explain why the charges were inexplicable or identify any evidentiary support, even in the form of an affidavit, for those assertions. See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988) ("A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim."); Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp., 383 F.2d 249, 252 (4th Cir. 1967) (finding that a "bare allegation of a meritorious defense" was insufficient to vacate a default).

The Court declines to reconsider its Order on the basis of Defendants' rehashed, unsupported, and conclusory assertions. The Motion to Reconsider (ECF No. 23) is therefore DENIED. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

_____/s/_____

George L. Russell, III
United States District Judge

3